IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg Division

| | |
|---|---|
| DAVID KNISELY, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 3:14-cv-15 (Groh) |
| NATIONAL BETTER LIVING ASSOCIATION, INC., AMERICAN MEDICAL AND LIFE INSURANCE COMPANY, and JOHN/JANE DOES, | ) Electroncially Filed January 29, 2014 |
|     Defendants. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant National Better Living Association, Inc. ("NBLA") and, pursuant to 28 U.S.C. Sections 1331, 1332, 1367(a), 1441, and 1446, hereby gives notice of removal of this action from the Circuit Court of Jefferson County, West Virginia, to the United States District Court for the Northern District of West Virginia, Martinsburg Division. In support of this removal, NBLA states as follows:

**I.   INTRODUCTION**

1. NBLA is named as a defendant in a civil action commenced by Plaintiff David Knisely (the "Plaintiff") in the Circuit Court of Jefferson County, West Virginia, Civil Action No. 13-C-443 (the "State Action").

2. Plaintiff commenced the State Action on December 12, 2013, by filing the Complaint.

3. The claims in the Complaint all relate to Plaintiff's alleged purchase of a membership from NBLA under which he enrolled in a group insurance policy issued by

Defendant American Medical and Life Insurance Company ("AMLI") to NBLA. (Compl. ¶¶ 3, 5, 11, 12). Plaintiff alleges that his purchase of the membership was a direct result of Defendants' alleged "concerted scheme of soliciting vulnerable consumers for junk insurance. . . by way of fraud, bad faith, civil conspiracy, and racketeering." (Compl. ¶ 1).

## II.     PROCEDURAL REQUIREMENTS OF REMOVAL

4. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), NBLA removes the State Action to the United States District Court for the Northern District of West Virginia, Martinsburg Division, the judicial district and division in which the State Action is pending. *See* 28 U.S.C. § 129.

5. NBLA received a copy of the Complaint and summons on December 30, 2013. Pursuant to 28 U.S.C. Section 1446(b), NBLA is filing this Notice of Removal within thirty (30) days of its receipt of the Complaint and summons.

6. Defendant AMLI consents to removal. Counsel for AMLI has executed a Consent to Removal, which is attached as Exhibit A.

7. In accordance with 28 U.S.C. Section 1441(a), copies of all process, pleadings, or orders served upon NBLA in the State Action are attached as Exhibit B.

8. In accordance with 28 U.S.C. Section 1441(a), NBLA promptly will serve written notice of the filing of this Notice of Removal upon all parties, and will file with the Clerk of the Circuit Court of Jefferson County, West Virginia, a copy of this Notice of Removal. A copy of the Notice of Removal of the State Action to Federal Court is attached hereto as Exhibit C.

## III.    GROUNDS FOR FEDERAL JURISDICTION

9. This Court has subject matter jurisdiction of this action on two independent grounds, i.e. federal question jurisdiction and diversity jurisdiction.

### A. FEDERAL QUESTION JURISDICTION

10. This case is removable based on federal question jurisdiction, under 28 U.S.C. § 1331, because Plaintiff asserts claims arising under the laws of the United States. In Count I of the Complaint, Plaintiff asserts that Defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sections 1962(c) and 1962(d) ("RICO"). (Compl. ¶¶ 70-84). RICO claims are removable. *See Dillow v. Polk*, 3:12-CV-98, 2012 WL 6681885, at *4 (N.D. W. Va. Dec. 21, 2012) (recognizing that federal courts have original jurisdiction over RICO claims regardless of concurrent state court jurisdiction). Cases may be removed based on federal question jurisdiction "without regard to the citizenship or residence of the parties." U.S.C. § 1441(b).

11. Putting aside diversity jurisdiction, discussed *infra*, all other claims in the Complaint are subject to the Court's supplemental jurisdiction because such claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *see also Dillow*, 2012 WL 6681885, at *6 (exercising supplemental jurisdiction over West Virginia consumer protection and contract law claims where plaintiff asserted RICO claim).

### B. Diversity Jurisdiction

12. In addition, this case is removable based on diversity jurisdiction, under 28 U.S.C. § 1332(a), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

13. Plaintiff is an individual citizen of West Virginia. (Compl. ¶ 4).

14. Defendant NBLA is a citizen of Georgia, as it is incorporated in Georgia and has its principal place of business in Georgia. See 28 U.S.C. § 1332(c)(1).

15. Defendant AMLI is a citizen of New York, as it is incorporated in New York and has its principal place of business in New York. See 28 U.S.C. § 1332(c)(1).

16. As the parties are citizens of different states, complete diversity exists.

17. The Complaint demands damages and compensation in an amount to be determined by a jury, statutory damages, treble damages, disgorgement of profits, punitive damages, pre- and post-judgment interest and costs, and reasonable attorneys' fees and costs. (Compl. at 21).

18. While the Complaint does not identify the total compensatory damages sought by the Plaintiff, the Complaint alleges that Plaintiff has incurred medical bills of more than $60,000 (Compl. ¶ 56) and that NBLA "illegally deducted" over $8,000. (Compl. ¶ 61). Accordingly, the total compensatory damages sought appear to be in the range of $60,000 to $68,000.

19. Were Plaintiff to succeed on Count I, he would be authorized to receive an award of treble damages under 18 U.S.C. Section 1964(c). (Compl. ¶ 84). Based on alleged compensatory damages of $68,000, the treble damage award would be $204,000.

20. Were Plaintiff to succeed on Count II, which alleges willful, wanton and malicious conduct against Defendants, he would be entitled to punitive damages under West Virginia law. *See Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73, 80-81 (W. Va. 1986) (stating punitive damages are proper in first-party insurance suits if the insured can prove the insurer acted with actual malice, meaning "the company actually knew that the policyholder's claim was proper, but willfully, maliciously and intentionally denied the claim"). Even a modest punitive damages award would satisfy the amount in controversy. *See Kenney v. Independent Order of Foresters*, No. 3:12–CV–123, 2012 WL 6149171, at *4 (N.D. W. Va. Dec.

8523954 v4

11, 2012) (finding where Complaint makes a good faith allegation that defendant willfully, maliciously and intentionally denied plaintiff's insurance claim, punitive damages claim augments the amount in controversy); *Coleman v. Wicker*, No. 2:11–00558, 2012 WL 1111465, *3 (S.D. W. Va. Mar. 30, 2012) (applying a one-half multiplier for punitive damages to an estimated $63,000 in damages to meet the jurisdictional minimum for diversity); *Bryant v. Wal–Mart,* 117 F. Supp. 2d 555, 556–57 (S.D. W. Va. 2000) ("A good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action."). Using a one-half multiplier for punitive damages to $68,000 in compensatory damages would result in a total damages award of $102,000.

21.   As a result, Plaintiff's Complaint satisfies the amount in controversy requirement. *Kenney*, 2012 WL 6149171, at *5 (concluding that a "common sense evaluation of the Plaintiff's Complaint and the claims therein prove by a preponderance of the evidence that the amount in controversy requirement has been met").

[Continued on the following page]

22.     Accordingly, this Court has subject matter jurisdiction over Plaintiff's claims and the State Action is properly removable under 28 U.S.C. Sections 1331, 1332, 1367(a), 1441, and 1446.

Date: January 29, 2014          Respectfully submitted,

**NATIONAL BETTER LIVING ASSOCIATION, INC.**
By Counsel:

/s/ Debra Lee Hovatter
Debra Lee Hovatter (W. Va. Bar No. 9838)
Spilman Thomas & Battle, PLLC
P.O. Box 615
Morgantown, WV 26507-0615
304.291.7951
304.291.7979 (*facsimile*)
dhovatter@spilmanlaw.com

OF COUNSEL:

Lewis E. Hassett
Georgia Bar No. 336140
Eric A. Larson
Illinois Bar No. 6300298
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia  30326
404-233-7000 (telephone)
404-365-9532 (facsimile)

8523954 v4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
**Martinsburg Division**

| | |
|---|---|
| **DAVID KNISELY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| **NATIONAL BETTER LIVING ASSOCIATION,** ) | |
| **INC., AMERICAN MEDICAL AND LIFE** ) | |
| **INSURANCE COMPANY, and JOHN/JANE** ) | |
| **DOES,** ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2014, I have served a copy of the within and foregoing NOTICE OF REMOVAL upon all parties to this matter by filing it with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to the following, or by depositing a true copy of the same in the U.S. Mail, proper postage prepaid, properly addressed to the following:

Laura C. Davis  (by CM/ECF)
Skinner Law Firm
P.O. Box 487
Charles Town, WV  25414
*Counsel for Plaintiff*

American Medical and Life Insurance
Company (by U.S. Mail)
c/o Ronald S. Stadler, Esq.
Gonzalez Saggio Harlan
111 E. Wisconsin Ave., Suite 1000
Milwaukee, WI  53202

/s/ Debra Lee Hovatter
Debra Lee Hovatter (W. Va. Bar No. 9838)

8523954 v4