IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

DAVID KNISELY,

       Plaintiff,

v.                                  **CIVIL ACTION NO: 3:14-CV-15**
                                     **(JUDGE GROH)**

NATIONAL BETTER LIVING
ASSOCIATION, INC., AMERICAN MEDICAL
AND LIFE INSURANCE COMPANY, and
JOHN/JANE DOES,

       Defendants.

## ORDER DENYING NATIONAL BETTER LIVING ASSOCIATION, INC.'S MOTION TO STAY DISCOVERY AND ALL OTHER PRE-TRIAL DEADLINES PENDING DISPOSITION OF ITS MOTION TO DISMISS

Currently pending before the Court is National Better Living Association, Inc.'s ("NBLA") Motion to Stay Discovery and All Other Pre-Trial Deadlines Pending Disposition of Its Motion to Dismiss [Doc. 24].

The Plaintiff initiated this action by filing a complaint in the Circuit Court of Jefferson County, West Virginia on December 12, 2013. The complaint raises five claims: (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) violations of the West Virginia Unfair Trade Practices Act; (3) violations of the Discount Medical Plan Organizations and Discount Prescription Drug Plan Organizations Act; (4) bad faith and breach of contract; (5) fraud; and (6) unconscionability [Doc. 6-2]. On January 29, 2014, Defendants NBLA and American Medical and Life Insurance Company removed this case to this Court. The next day, the Court entered a first order and notice regarding discovery and scheduling

conference. On February 21, 2014, NBLA filed a motion to dismiss.

On February 24, 2014, NBLA filed its Motion to Stay. In this motion, NBLA requests that the Court stay discovery and all other pre-trial deadlines until the Court resolves its motion to dismiss. It argues, among other things, that a stay "would promote judicial efficiency by ensuring that the parties' and the Court's resources are not wasted on needless, time-consuming discovery and other pretrial activities if the Court agrees with NBLA that Plaintiff's claims fail as a matter of law." Id. at 1.

Federal Rule of Civil Procedure 26(c) pertinently provides that "[t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including . . . forbidding the disclosure or discovery [or] specifying terms, including time and place, for the disclosure or discovery." FED. R. CIV. P. 26(c)(1)(A)-(B). A district court has discretion to stay discovery pending disposition of a dispositive motion. Sheehan v. United States, No. 5:11CV170, 2012 WL 1142709, at *1 (N.D. W. Va. Apr. 4, 2012). At the same time, "the mere filing of a dispositive motion does not entitle the moving party to a stay of discovery." Id. at *2.

Upon review of NBLA's motion, the Court does not find good cause to grant it. Specifically, the Court finds it is inappropriate to grant a stay based solely upon the likelihood of success of a motion that NBLA claims is dispositive. Granting a stay also would delay this matter's progression as to the Defendants that have not filed a motion to dismiss. Accordingly, the Court **DENIES** NBLA's Motion to Stay Discovery and All Other Pre-Trial Deadlines Pending Disposition of Its Motion to Dismiss.

It is so **ORDERED**.

2

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** February 26, 2014.

GINA M. GROH
UNITED STATES DISTRICT JUDGE