**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**DAVID KNISELY,**

      **Plaintiff,**

v.                                      **CIVIL ACTION NO.: 3:14-CV-15**
                                                **(JUDGE GROH)**

**NATIONAL BETTER LIVING**
**ASSOCIATION, INC., AMERICAN**
**MEDICAL AND LIFE INSURANCE**
**COMPANY, and JOHN/JANE DOES,**

      **Defendants.**

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE**
**TO SERVE ADDITIONAL INTERROGATORIES [136]**

On February 3, 2015, an evidentiary hearing was held on Plaintiff's Motion for Leave to Serve Additional Interrogatories ("Pl.'s Mot.," ECF No. 136) in conjunction with Plaintiff's Third Motion to Compel. Plaintiff David Knisely appeared by counsel, Laura C. Davis, Esq., in person. Defendant National Better Living Association, Inc. ("NBLA") appeared by counsel, Eric A. Larson, Esq. and Kaitlin Lane Hillenbrand, Esq., in person. Defendant American Medical and Life Insurance Company ("AMLI") nor counsel appeared. No additional testimony or evidence was presented and the Court proceeded to hear argument. After considering argument and reviewing the record, the Court makes the following findings of fact and conclusions of law.

**I.**      **BACKGROUND**

In the Court's Order on Plaintiff's Third Motion to Compel, also entered on this date, the Court found that Plaintiff's First Set of Interrogatories did not exceed the twenty-five interrogatory allowance. However, the Court found that Plaintiff's Second Set of Interrogatories exceeded the

1

twenty-five interrogatory limit agreed to by the parties in their Rule 26(f) conference. The Court explained that Interrogatory No. 1 sought information to Plaintiff's Requests for Admission "[i]f any response to the requests…was anything other than an unequivocal 'admit.'" (NBLA's Resps. to Pl.'s First Reqs. for Admis. at 4-7, ECF No. 129-4). Plaintiff filed twenty-five Requests for Admission and NBLA admitted Nos. 5, 6 and 13. (Id.). Therefore, the Court found that Interrogatory No. 1 necessarily implicated NBLA's responses to at least twenty-two Requests for Admission. See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., No. 1:00CV00113, 2002 WL 534459, at *2 (W.D. Va. Mar. 18, 2002) (stating that "interrogatories based on responses to requests for admission generally will concern separate subjects and should be counted as discrete subparts."); see also Stevens v. Federated Mut. Ins. Co., No. 5:05-CV-149, 2006 WL 2079503, at *6 (N.D.W. Va. July 25, 2006) (Seibert, M.J.) (finding that "Interrogatory No. 10 cannot be considered a single interrogatory because it seeks information regarding eleven requests for admission involving different subject areas.").

In anticipation of Plaintiff's interrogatories exceeding the twenty-five allowance, Plaintiff filed his Motion for Leave to Serve Additional Interrogatories on January 14, 2015. (Pl.'s Mot. ECF No. 136). NBLA filed its Response in Opposition to Plaintiff's Motion for Leave to Serve Additional Interrogatories on February 2, 2015. ("Def.'s Resp.," ECF No. 144).

## II. CONTENTION OF THE PARTIES

Plaintiff argues that the case is "extremely difficult and NBLA has been far from forthcoming with its production to date." (Pl.'s Mot. at 2). Plaintiff further asserts he is seeking discovery in good faith and not for any improper purpose. NBLA argues that "the proposed Interrogatories should be disallowed because they are unreasonably cumulative, duplicative, not relevant, and/or not reasonably calculated to lead to the discovery of admissible evidence." (Def.'s

Resp. at 1). NBLA further asserts that Plaintiff failed to make a showing of good cause to allow additional interrogatories and Plaintiff has had ample opportunity to obtain discovery. (Id. at 2).

### III. DISCUSSION

Federal Rules of Civil Procedure Rule 33 provides: "unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1). Federal Rules of Civil Procedure Rule 26(b)(2)(A) provides that "[b]y order, the court may alter the limits in these rules on the number of…interrogatories." Fed. R. Civ. P. 26(b)(2)(A). Rule 26(b)(2)(C) provides that, on motion or on its own, the court:

> must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). In addition, the court considers whether "good cause exists for the court to grant leave for interrogatories to be propounded in excess of the limitation." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., No. 1:00CV00113, 2002 WL 534459, at *3 (W.D. Va. Mar. 18, 2002) (citing Capacchione v. Charlotte–Mecklenburg Sch., 182 F.R.D. 486, 492 (W.D.N.C. 1998)).

## A. Whether Discovery Sought Is Unreasonably Cumulative Or Duplicative

First, the Court rejects NBLA's argument that Interrogatory No. 1 is unreasonably cumulative and duplicative. Interrogatory No. 1 asks NBLA to explain its response to Plaintiff's Requests for Admission for those responses that NBLA did not unequivocally admit. The Interrogatory is seeking further clarification and information regarding the Requests for Admissions, not merely a restatement of whether NBLA can admit or deny the Requests. In another case in this district, Magistrate Judge Seibert ordered the defendant to respond to an interrogatory that sought additional information regarding responses to requests for admission. See Tustin v. Motorists Mut. Ins. Co., No. 5:08-CV-111, 2009 WL 3335060, at *13 (N.D.W. Va. Oct. 14, 2009) (Seibert, M.J.) (explaining that the "[d]efendant needed to first list the Requests for Admissions for which it lacked knowledge or information sufficient to either admit or deny the Request and second list the information needed to admit or deny the Request."). Here, Interrogatory No. 1 is asking NBLA to list each Request for Admission it did not unequivocally admit and state the basis, the facts, any witnesses who can support and documents supporting its denial or qualified response for each Request. The inquiry for such information is not cumulative or duplicative of the original Requests for Admission.

Moreover, NBLA argues that Interrogatory No. 1 is duplicative because it seeks documents relied upon in answering the Requests for Admission and NBLA produced these documents in response to Plaintiff's Request for Production of Documents No. 1. However, merely producing documents related to the Requests for Admission does not answer the question posed in Interrogatory No. 1, which asks for identification and location of documents supporting the denial or qualified response for each Request for Admission. See Tustin, 2009 WL 3335060, at *12 (quoting Martin v. Easton Pub. Co., 85 F.R.D. 312, 315 (E.D. Pa. 1980) (finding that "[a party]

4

cannot escape responsibility of providing direct, complete and honest answers to interrogatories with the caviler assertion that required information can be found in this massive amount of material. Rather [a party] must state specifically and identify precisely which documents will provide the desired information."). Accordingly, Interrogatory No. 1 is not cumulative or duplicative as contemplated by Rule 26(b)(2)(C)(i).

**B.     Whether the Party Seeking Discovery Has Had Ample Opportunity To Obtain The Information**

Second, the Court rejects NBLA's argument that Plaintiff has had ample opportunity to obtain the information by discovery. As indicated in the Order on Plaintiff's Third Motion to Compel, the Court found that Plaintiff's First Set of Interrogatories did not exceed the twenty-five interrogatory allowance as the alleged subparts of each interrogatory still related to one discrete subject. As such, Plaintiff has only filed and NBLA answered ten interrogatories. The information sought in the additional interrogatories has not been the subject of a prior request by Plaintiff. Therefore, Plaintiff has not had ample opportunity to obtain the requested information.

**C.     Whether the Burden of the Proposed Discovery Outweighs the Likely Benefit**

The Court finds that the burden or expense on NBLA to answer the excess Interrogatories is not likely to outweigh the benefit of obtaining the information. The additional interrogatories are straightforward and NBLA is the only party who possesses the information necessary to respond. Accordingly, requiring NBLA to provide additional information as to its denials or qualified responses for the Requests for Admission does not impose a substantial burden on NBLA. However, there is great benefit to Plaintiff to obtain the information, as he has not had the opportunity to discover these issues and most of the discovery in this case has been subject to substantial dispute.

D.      **Whether Interrogatories Nos. 2, 3, 4 And 5 Are Not Relevant And Not Reasonably Calculated To Lead To The Discovery Of Admissible Evidence**

The Court also rejects NBLA's argument that Interrogatories Nos. 2, 3, 4 and 5 are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Federal Rules of Civil Procedure Rule 26(b)(1) states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Moreover, "[t]he discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992). Plaintiff's remaining claims include violations of the West Virginia Unfair Trade Practices Act, violations of the Discount Medical Plan Organizations and Discount Prescription Drug Plan Act Organization Act, fraud and unconscionability. The Court finds that Interrogatories Nos. 2, 3, 4 and 5 appear reasonably calculated to lead to the discovery of admissible evidence relating to these remaining claims.

E.      **Whether Good Cause Exists to Allow Additional Interrogatories**

Moreover, the Court finds that good cause exists to grant leave for interrogatories to be propounded in excess of the twenty-five interrogatory allowance agreed to by the parties. Obtaining more detailed information regarding the twenty-two Requests for Admission that were not unequivocally admitted should help narrow undisputed issues and range of issues for trial. See Fisher v. Baltimore Life Ins. Co., 235 F.R.D. 617, 623 (N.D.W. Va. 2006). Moreover, as discussed above, the discovery is not unreasonably cumulative or duplicative, Plaintiff has not had ample opportunity to obtain the information sought and the burden on NBLA in responding is not likely to outweigh the benefit to Plaintiff in obtaining the information.

## IV. DECISION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion for Leave to Serve Additional Interrogatories [136] is **GRANTED** and NBLA shall file its responses to Plaintiff's Second Set of Interrogatories Nos. 1, 2, 3, 4 and 5 **on or before March 13, 2015.**

Any party may, within fourteen (14) days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**Date Entered**: February 11, 2015

/s/ Robert W. Trumble

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE