**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**DAVID KNISELY,**

               Plaintiff,

**v.**                                   **CIVIL ACTION NO.: 3:14-CV-15
(JUDGE GROH)**

**NATIONAL BETTER LIVING
ASSOCIATION, INC., AMERICAN MEDICAL
AND LIFE INSURANCE COMPANY, and
JOHN/JANE DOES,**

               Defendants.

## MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTIONS AND REVERSING IN PART MAGISTRATE COURT'S FEBRUARY 11, 2015 ORDER

Pending before the Court are Defendant National Better Living Association, Inc.'s ("NBLA") Objections [ECF 159] to the magistrate court's February 11, 2015 Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery Responses from NBLA [ECF 239]. For the following reasons, the Court **SUSTAINS** NBLA's Objections and **REVERSES IN PART** the magistrate court's February 11, 2015 Order.

### I. Background[1]

This case concerns an alleged scheme to sell members of NBLA a junk health insurance policy offered by American Medical and Life Insurance Company ("AMLI"). Plaintiff David Knisely purchased one such policy. Based on that transaction, Knisely filed

---

[1] The factual allegations of Knisely's live complaint are detailed in this Court's August 19, 2014 Memorandum Opinion and Order Granting in Part NBLA's Motion to Dismiss, Granting in Part American Medical and Life Insurance Company's Motion for Judgment on the Pleadings, and Denying Plaintiff's Motion to Amend.

suit against NBLA, AMLI and John/Jane Does in West Virginia state court on December 12, 2013. His complaint raised the following claims: (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against all defendants; (2) violations of the West Virginia Unfair Trade Practices Act ("UTPA") against all defendants; (3) violations of the West Virginia Discount Medical Plan Organizations and Discount Prescription Drug Plan Act Organization Act (the "Plan Act") against NBLA; (4) bad faith and breach of contract against AMLI; (5) fraud against all defendants; and (6) unconscionability against all defendants.

On January 29, 2014, NBLA removed this case to this Court with AMLI's consent. NBLA later moved to dismiss the complaint for lack of personal jurisdiction and failure to state a claim upon which relief can be granted while AMLI moved for judgment on the pleadings. In responding to these motions, Knisely stated that, if the Court was inclined to dismiss any part of his complaint, he would request leave to amend it.

While those motions were pending, Knisely moved to compel production of NBLA's financial statements from 2005 to the present, which the Court referred to the magistrate court. Knisely argued these documents were relevant to his RICO claim. NBLA contested that position and raised other grounds for denying the motion.

On July 18, 2014, the magistrate court granted the motion, stating:

Although the Court agrees that the production of the financial statements may be premature as it relates to Plaintiff's punitive damage claim or Defendant's ability to satisfy a judgment, the Court finds that the Plaintiff's complaint does contain allegations of violations of the federal Racketeer Influenced and Corrupt Organizations Act and that these financial statements may lead to the discovery of admissible evidence with regard to those issues.

Then, on August 19, 2014, the Court issued a memorandum opinion and order

granting in part NBLA's motion to dismiss and AMLI's motion for judgment on the pleadings and denying Knisely's motion to amend his complaint.[2]  In granting NBLA's motion to dismiss in part, the Court dismissed the RICO claims and granted NBLA leave to file a motion to dismiss concerning whether this Court can exercise personal jurisdiction over it without the RICO claims.  Given the pending personal jurisdiction issue, the Court denied the remainder of NBLA's motion to dismiss without prejudice and granted NBLA leave to refile it should the Court find personal jurisdiction over NBLA.  In granting AMLI's motion for judgment on the pleadings in part, the Court dismissed the RICO, bad faith and breach of contract, and § 33-11-4(1)(a), (1)(e) and (2) UTPA claims.  The Court denied the motion to dismiss the UTPA claims brought under § 33-11-4(9) and Rule § 114-14-4.  Finally, the Court denied the motion as moot concerning the fraud and unconscionability claims because Knisely withdrew them as to AMLI.

On September 11, 2014, Knisely filed a second motion to compel, which contended that NBLA had not produced all of its financial statements per the magistrate court's order. The magistrate court denied the motion because Knisely had only offered speculation that additional financial statements existed.  Then, on October 21, 2014, Knisely filed his third motion to compel discovery responses from NBLA.

With a stay imposed on October 21, 2014 lifted, the magistrate court held an evidentiary hearing concerning Knisely's third motion to compel and, on February 11, 2015, entered an Order granting the motion in part.  NBLA now objects to the portion of that Order that granted the motion to compel as to requests for production of documents 4 and 5.  Knisely contests these objections.

---

[2]  Although Knisely did not file a separate motion to amend, the Court construed his request to amend as a motion since he sought such relief.

**II. Standard of Review**

A party may object to a magistrate judge's order on a motion to compel. Fed. R. Civ. P. 72(a); <u>see also</u> 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" or "contrary to law" standard of review governs review of such orders. Fed. R. Civ. P. 72(a). If a magistrate judge's decision is "clearly erroneous or is contrary to law," a district court may modify or set aside any portion of the decision. <u>Id.</u> A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948); <u>see also</u> <u>Harman v. Levin</u>, 772 F.2d 1150, 1152 (4th Cir. 1985). Because a magistrate judge has broad discretion afforded to resolve "nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." <u>Shoop v. Hott</u>, Civil Action No. 5:08CV188, 2010 WL 5067567, at *2 (N.D.W. Va. Dec. 6, 2010) (citing <u>Detection Sys., Inc. v. Pittway Corp.</u>, 96 F.R.D. 152, 154 (W.D.N.Y. 1982)).

**III. Discussion**

NBLA objects to the magistrate court compelling responses to requests for production of documents 4 and 5 on several grounds, including that it was clearly erroneous to find the discovery sought relevant. Because the Court agrees that reversal is warranted on that basis, it does not reach NBLA's other arguments.

Like Knisely's initial motion to compel, these requests seek NBLA's financial information, this time concerning NBLA's communication with its accountants or auditors. Specifically, request for production 4 provides:

> From 2006 to the present, please produce each and every communication, correspondence, document, or other tangible item that was exchanged

between any executive officer or director of NBLA and WT Uniack & Co., 12600 Dearfield Parkway, Ste. 100, Alpharetta, GA 30004, or any other accountant or auditor.

Request for production 5 provides:

In the event that other persons or entities other than officers or directors of NBLA provided information concerning NBLA to WT Uniack & Co., 12600 Dearfield Parkway, Ste. 100, Alpharetta, GA 30004, this information is within NBLA's control; for the years 2006 to the present, please produce each communication and correspondence, all documentation, and any and all other tangible items provided to WT Uniack & Co., 12600 Dearfield Parkway, Ste. 100, Alpharetta, GA 30004, or any other accountant or auditor, along with the identity of the person or entity who provided the information and the reason therefore.

NBLA objected to these requests on multiple grounds, including that the information was irrelevant since this Court had dismissed the RICO claim. The magistrate court rejected this argument, reasoning:

In the present case, NBLA has failed to demonstrate that the information sought in Requests Nos. 4 and 5 is not relevant to Plaintiff's remaining claims against NBLA. Just as NBLA's financial statements were relevant for prior requests for production, the Court finds that additional financial documents from NBLA may lead to the discovery of admissible evidence related to the remaining claims. Accordingly, NBLA's objections to Requests for Production of Documents Nos. 4 and 5 do not require denial of Plaintiff's Motion to Compel.

NBLA argues that this was clearly erroneous because the magistrate court previously justified discovery of its financial information based on the RICO claim and such discovery is not relevant to Knisely's remaining claims. Knisely responds that NBLA's financial information is relevant to his remaining claims and asserts that he is seeking to amend his complaint to add RICO defendants whose involvement in the alleged RICO enterprise will be illuminated by NBLA's financial documents.

Absent a court order limiting the scope of discovery, "[p]arties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). But, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. In addition, relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Thus, "the discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). "[T]he party asserting that the information requested is not relevant . . . bears the burden of establishing that the information is not relevant." Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 199 (N.D.W. Va. 2000).

Here, when granting Knisely's first motion to compel, the magistrate court found NBLA's financial information relevant to the RICO claim. This Court later dismissed that claim, leaving the UTPA, fraud, unconscionability and Plan Act claims. Requests for production 4 and 5 again seek NBLA's financial information. Upon review of the record, NBLA has shown that this information is not relevant to Knisely's remaining claims. The UTPA claim alleges NBLA mishandled a claim Knisely made under the AMLI policy by, for example, misrepresenting policy provisions. Similarly, the fraud claim alleges that NBLA made false statements concerning the AMLI policy, and the unconscionability claim maintains NBLA fraudulently induced Knisely to purchase the policy. These claims contain no allegations that reasonably may be related to NBLA's financial information. The same is true for the Plan Act claim, which concerns NBLA's failure to obtain a license to do business in West Virginia and post a surety bond. The fact that Knisely has consistently argued that NBLA's financial information concerns RICO claims he seeks to bring against

other entities further shows that NBLA's financial information lacks any connection to Knisely's existing claims. Thus, without any indication as to how NBLA's financial information is relevant or would lead to the discovery of admissible evidence following dismissal of the RICO claim, this Court finds that this portion of the Order was clearly erroneous and reverses it.

## IV. Conclusion

For the foregoing reasons, the Court **SUSTAINS** NBLA's Objections and **REVERSES IN PART** the magistrate court's February 11, 2015 Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery Responses from NBLA. The Court reverses the portion of the February 11, 2015 Order that ordered NBLA to produce documents responsive to Requests for Production of Documents 4 and 5 on or before March 13, 2015.

Accordingly, the Court **DENIES** the Plaintiff's Third Motion to Compel as to his Requests for Production of Documents 4 and 5.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** March 11, 2015

GINA M. GROH
UNITED STATES DISTRICT JUDGE