**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**DAVID KNISELY,**

        Plaintiff,

v.                                          **CIVIL ACTION NO.: 3:14-CV-15
(GROH)**

**NATIONAL BETTER LIVING
ASSOCIATION, INC., AMERICAN MEDICAL
AND LIFE INSURANCE COMPANY, and
JOHN/JANE DOES,**

        Defendants.

## **ORDER DENYING PLAINTIFF'S MOTION TO UNSEAL**

This matter is before the Court for consideration of the Plaintiff's Motion to Unseal. ECF 152. In this motion, the Plaintiff asks the Court to unseal Exhibits D and T to his motion for leave to file a revised amended complaint. These exhibits are Defendant National Better Living Association, Inc.'s ("NBLA") application for tax-exempt status under Section 501(a) of the Internal Revenue Code. The Plaintiff argues that he filed this application under seal because NBLA marked it confidential under this case's Protective Order. He avers that, because the IRS granted NBLA tax-exempt status, NBLA must publicly disclose this application. The Plaintiff further requests that the Court order that he need not file materials he receives pursuant to Internal Revenue Code § 6104 under seal.

NBLA argues that this motion is premature because the Plaintiff did not meet and confer about this dispute as required by the Protective Order. NBLA asks the Court to sanction the Plaintiff for violating the Protective Order by awarding NBLA attorney's fees incurred in preparing its response.

Paragraph 4 of the Protective Order pertinently provides:

> If a receiving party disagrees with any Confidential Information designation, the receiving party shall serve upon the designating party an objection to the designation in writing. Within fifteen (15) days from service of the objection, the receiving party and designating person shall confer and attempt in good faith to resolve the disagreement. If agreement is reached confirming or waiving the Confidential Information designation as to any designation, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement. If the receiving party and designating person fail to resolve their dispute, the designating party shall be required to move the Court for an order preserving the designated status of such information within 15 days and failure to do so shall constitute a termination of the Confidential Information designation. If the designating party files such a motion, the person or party making the designation shall have the burden of proving the necessity for the designation. Until the Court rules on the designating party's motion, any information that has been produced and designated as Confidential Information shall be treated as so designated and subject to the terms of this Order.

This provision required that the Plaintiff object to NBLA's confidential designation in writing to initiate a meet-and-confer process. The Plaintiff has not provided any evidence or argument showing that he did so. Accordingly, the Court **DENIES** the Motion to Unseal because the Plaintiff failed to comply with the Protective Order's meet-and-confer requirement. As for the Plaintiff's request that the Court order that he need not file documents received under Internal Revenue Code § 6104 under seal, the Court **DENIES** that request as premature because the Court cannot determine whether to seal a document without knowing what it is.

Next, the Court considers whether to sanction the Plaintiff by awarding NBLA attorney's fees for the time it spent responding to this motion.

Federal Rule of Civil Procedure 37(b)(2)(C) authorizes a court to sanction a party by awarding attorney's fees for failing to obey a discovery order. Courts in the Fourth

Circuit assess four factors in determining whether sanctions are appropriate: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998).

Here, first, the Plaintiff has not acted in bad faith. The Plaintiff has consistently complied with the Protective Order by filing documents designated confidential under seal, including the tax-exempt application. He appears to have filed this motion as a mere oversight. Second, this motion has not prejudiced NBLA because its application is still protected from disclosure. Third, sanctions are not needed to deter the Plaintiff's conduct. The Plaintiff did not disregard NBLA's averred confidentiality interest by filing this document unsealed. He simply did not follow the proper procedure for challenging the document's confidential designation. Finally, because the foregoing factors weigh against imposing sanctions, the Court need not consider the propriety of lesser sanctions. Accordingly, the Court **DENIES** NBLA's request for attorney's fees.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** March 27, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE