# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**DAVID KNISELY,**

    Plaintiff,

v.                                     **CIVIL ACTION NO.: 3:14-CV-15 (GROH)**

**ALLIED HEALTH BENEFITS, INC.,
CORPSAVERS HEALTHCARE, INC.,
PREMIERE ADMINISTRATIVE SOLUTIONS, INC.,
G. DANIEL SIEWERT, III, TIMOTHY SIEWERT,
MICHAEL C. SIEWERT, ANGUS MORRISON,
GEORGE SPALDING, LANDON JORDAN, and
JESS JORDAN,**

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING NATIONAL BETTER LIVING ASSOCIATION, INC.'S MOTION FOR ENTRY OF FINAL JUDGMENT

Currently pending before the Court is Defendant National Better Living Association, Inc.'s ("NBLA") unopposed Motion for Entry of Final Judgment [ECF No. 195], filed on August 5, 2015. For the following reasons, the Court **GRANTS** this Motion.

### I. Background

On July 22, 2015, this Court entered an Order granting in part NBLA's Motion to Dismiss for lack of personal jurisdiction. ECF No. 183. In accordance with its Order, the Court also dismissed NBLA as a party from the above action.

In its Motion for Entry of Final Judgment, NBLA contends that this Court's Order granting NBLA's Motion to Dismiss under Rule 12(b)(2) is considered "final" for the purpose of entering final certification under Rule 54(b) of the Federal Rules of Civil

Procedure. NBLA further states that there is no just reason for delay in entering final certification.

Based on a review of the law that applies to the issue presently before the Court and a review of NBLA's arguments in its Motion, this Court finds that NBLA's Motion should be granted.

## II. Applicable Law

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, when multiple parties are involved in an action, "the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). One purpose of final certification under Rule 54(b) is "to provide relief to litigants that would suffer undue hardship if final judgment [were] not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993). The considerations made by a court in granting summary judgment or a motion to dismiss under Rule 12(b)(2) "are not the same considerations relevant to an order of final certification under Rule 54(b)." Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 365 (3d Cir. 1975), abrogated on other grounds by Elliott v. Archdiocese of New York, 682 F.3d 213 (3d Cir. 2012).

In order for a court to enter final certification under Rule 54(b), two requirements must be met. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7-8 (1980). First, the court must "determine that it is dealing with a 'final judgment.'" Id. at 8. In other words, the court must find that the judgment is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Id. (quoting Sears, Roebuck & Co. v.

2

Mackey, 351 U.S. 427, 436 (1956)).  Second, the court must determine that there fails to be any just reason for delay in entering final certification.  Id.  Factors that should be considered in determining whether any just reason exists for delaying the entry of final certification include the following:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Braswell, 2 F.3d at 1335-36 (quoting Allis-Chalmers Corp., 521 F.2d at 364).

However, even if these two requirements are met, a court should not automatically enter final certification under Rule 54(b).  See Curtiss-Wright Corp., 446 U.S. at 8 ("Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.").  In determining whether or not to enter a Rule 54(b) final certification, a court must ensure that such "application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. at 8 (quoting Sears, 351 U.S. at 438).  Federal courts have been cautioned that Rule 54(b) should be used only "in the infrequent harsh case . . . ." Panichella v. Pennsylvania R.R. Co., 252 F.2d 452, 455 (3d Cir. 1958) (quoting Fed. R. Civ. P. 54(b) advisory committee's note to 1946 amendment).  In sum, federal courts should not freely grant motions for entry of final certification pursuant to Rule 54(b).  See id.; Braswell, 2 F.3d at 1335-36.

## III. Analysis

It is readily apparent to this Court that it is dealing with a final judgment. An order dismissing a party due to lack of personal jurisdiction is an ultimate disposition as to the claims against that party. See, e.g., Bush v. Adams, 629 F. Supp. 2d 468, 472 (E.D. Pa. 2009).

What is not so readily apparent is whether or not there is any just reason for delay in entering final certification as to NBLA. As outlined above, there are five factors that the Court should consider in determining whether there is any just reason for delay in entering final certification under Rule 54(b). Braswell, 2 F.3d at 1335-36. The Court will now review each of these factors.

### A. There are no longer any claims against NBLA that exist in this case.

The first factor in determining whether there is any just reason for delay in entering final certification is the relationship between the adjudicated and unadjudicated claims. On July 22, 2015, this Court granted in part NBLA's Motion to Dismiss. Specifically, the Court granted NBLA's Motion to Dismiss based upon lack of personal jurisdiction. NBLA is no longer a named party in the above-styled matter and, hence, no claims as to NBLA exist. Therefore, this factor is in favor of granting NBLA final certification.

### B. No facts exist indicating that there is presently, or will be in the future, a need for review on this issue.

The second factor to consider is the possibility that the need for review could be mooted by future developments in this Court. Here, Defendant NBLA filed a motion to dismiss for lack of personal jurisdiction. The Court subsequently granted that Motion. Defendant NBLA is the party that is presently moving this Court to grant final certification under Rule 54(b).

There is not presently, and will not be in the future, any need for review in regard to claims against NBLA in this matter as NBLA was dismissed as a party in this case, due to lack of personal jurisdiction, on July 22, 2015. Therefore, this second factor is irrelevant.

**C. The Fourth Circuit would not need to revisit this same issue on appeal.**

The third factor to consider is the possibility that the reviewing court might be obliged to consider the same issue a second time. If there were an appeal based on any of the remaining claims in this case, the issue of whether or not this Court has personal jurisdiction over NBLA is not an issue that the Fourth Circuit would have to reconsider. See, e.g., Brewer v. Maynard, No. Civ.A. 2:02-0048, 2003 WL 24302419 (S.D. W. Va. May 29, 2003). Therefore, this factor is in favor of final certification under Rule 54(b).

**D. No set-off could occur as a result of final certification.**

The fourth factor to consider is the presence or absence of a claim or counterclaim that could result in a set-off against the judgment sought to be made final. Here, there were never any cross-claims or counterclaims filed as to NBLA. Further, NBLA was dismissed from the case due to lack of personal jurisdiction. No claims exist that could result in a set-off against the judgment sought to be made final. Therefore, this fourth factor is in favor of granting Rule 54(b) final certification.

**E. None of the miscellaneous factors are applicable to the issue at hand.**

Finally, after considering the remaining miscellaneous factors, this Court finds that delay, economic and solvency concerns, shortening the time of trial, frivolity of competing claims and expense are not applicable considerations regarding the present issue before the Court.

Accordingly, the Court **ORDERS** that Defendant NBLA's Motion for Entry of Final Judgment be **GRANTED**. It is further **ORDERED** that this Order be entered as a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record.

**DATED:** September 1, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE