IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

DAVID KNISELY,

    Plaintiff,

v.                                                                                                      CIVIL ACTION NO.: 3:14-CV-15
                                                                                                      (GROH)

ALLIED HEALTH BENEFITS, INC.,
CORPSAVERS HEALTHCARE, INC.,
PREMIERE ADMINISTRATIVE SOLUTIONS, INC.,
G. DANIEL SIEWERT, III, TIMOTHY SIEWERT,
MICHAEL C. SIEWERT, ANGUS MORRISON,
GEORGE SPALDING, LANDON JORDAN, and
JESS JORDAN,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND DENYING CLASS ACTION CERTIFICATION**

Currently pending before the Court is the Plaintiff's Motion for Leave to File a Second Amended Complaint [ECF No. 187], filed on July 22, 2015. To date, no responses have been filed. For the reasons set forth below, the Court **DENIES** the Plaintiff's Motion.

**I. Background**

On January 29, 2014, Defendant National Better Living Association, Inc. ("NBLA"), removed this case to this Court from the Circuit Court of Jefferson County.[1] The initial complaint was filed on December 12, 2013, against NBLA, American Medical and Life Insurance Company ("AMLI") and John/Jane Does. The original complaint raised six claims: (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO");

---

[1] Removal was based on diversity and federal question jurisdiction.

(2) violations of the West Virginia Unfair Trade Practices Act; (3) violations of the Discount Medical Plan Organizations and Discount Prescription Drug Plan Organizations Act; (4) bad faith and breach of contract; (5) fraud and (6) unconscionability.

On September 8, 2014, the Plaintiff filed a motion for leave to file an amended complaint [ECF No. 80] in order to plead his claims with sufficient detail and to replace and identify additional defendants that had been discovered since the filing of the original complaint. Then, on February 6, 2015, the Plaintiff filed a motion for leave to file a revised amended complaint [ECF No. 147] to add Allied Health Benefits, Inc. ("AHB"); CorpSavers Healthcare, Inc. ("CorpSavers"); Premier Administrative Solutions, Inc. ("PAS"); Timothy Siewert; G. Daniel Siewert, III; Michael Siewert; Angus Morrison; George Spalding; Landon Jordan and Jess Jordan as defendants. The Plaintiff additionally requested leave to modify his initial claims.

On April 23, 2015, the Court entered an Order that denied the Plaintiff's motion for leave to file an amended complaint as moot and granted in part the Plaintiff's motion for leave to file a revised amended complaint. ECF No. 170. Specifically, the Court granted the Plaintiff leave to amend his complaint to raise the following claims: (1) Count I - RICO against the new defendants; (2) Count II - UTPA against AMLI and PAS; (3) Count V - fraud based on cancellation false statements alleged in paragraph 175 against NBLA, AMLI, AHB, CorpSavers and PAS and (4) Count VI – indemnification. In accordance with the Order, on May 6, 2015, the Plaintiff filed his first amended complaint. ECF No. 172.

On July 22, 2015, the Plaintiff filed yet another motion to amend his complaint. ECF No. 187. This motion is currently pending before the Court. The Plaintiff's motion, however, is incorrectly identified. In actuality, the Plaintiff's motion erroneously attempts

to assert a class action. In his supporting memorandum, the Plaintiff asserts that the RICO Defendants have faced regulatory sanctions in numerous states, but that there has yet to be any remedy for the victims affected. The Plaintiff goes on to assert that if a class action is not certified, no other remedy will be available to "thousands of persons similarly-situated [*sic*] to [the] Plaintiff." ECF No. 187-1. The Plaintiff cites to Rule 15 of the Federal Rules of Civil Procedure in support of his motion—a rule not applicable to class action certification. Moreover, in his supporting memorandum, the Plaintiff fails to cite to Rule 23 or any cases, other than Scott v. Family Dollar Stores, Inc.,[2] relevant to the certification of a class action.[3]

In his proposed second amended complaint—filed as the second attachment to his motion—the Plaintiff asserts that the alleged class includes "[a]ll persons in the United States who paid an 'activation fee' for NBLA or NCE memberships that included purported insurance benefits as a result of the scheme to defraud . . . between December 12, 2009, and the present." ECF No. 187-2 at 26. Other than this, and a corresponding blanket assertion that "[t]he class consists of thousands of individuals across many States, if not all of them," the Plaintiff fails to provide any evidence as to who the members of the class are. ECF No. 187-2 at 26. The Plaintiff likewise fails to provide any evidence as to the kind of harm suffered by the unidentified class members and alleges only that his "claims are typical of the claims of the class members because . . . they are based on provisions

---

[2] 733 F.3d 105 (4th Cir. 2013). The Scott case deals with issues of sex discrimination and unequal pay. Id. at 108.
[3] The Plaintiff fails to cite Rule 23 of the Federal Rules of Civil Procedure, or any case law relevant to class action certification, in his motion for leave to file a second amended complaint or his memorandum in support. The Plaintiff does not cite to any authority applicable to class action certification until the second attachment to his motion: the proposed second amended complaint.

of form contracts, general practices, common schemes and uniform charges that affected the class members in the same way." ECF No. 187-2 at 27.

After reviewing the Plaintiff's motion for leave to file a second amended complaint and finding the motion to, in actuality, be an attempt to certify a class action, below the Court analyzes the motion under Rule 23 of the Federal Rules of Civil Procedure.

## II. Rule 23 Class Certification

The procedure for certifying a class action is governed by Rule 23 of the Federal Rules of Civil Procedure. See, e.g., Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2547-49 (2011). In determining whether or not to certify a class, "[a] district court has broad discretion . . . ." Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 317 (4th Cir. 2006) (quoting Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, 146 (4th Cir. 2001)). In attempting to certify a class action, "plaintiffs bear the burden . . . of demonstrating satisfaction of the Rule 23 requirements and the district court is required to make findings on whether the plaintiffs carried their burden . . . ." Thorn, 445 F.3d at 317 (quoting Gariety v. Grant Thornton, LLP, 368 F.3d 356, 370 (4th Cir. 2004)). Furthermore, a district court must conduct a "rigorous analysis" to ensure compliance with Rule 23, paying careful attention to the requirements of the Rule. Thorn, 445 F.3d at 318; Gariety, 368 F.3d at 359; Gunnells v. Healthplan Services, Inc., 348 F.3d 417, 423 (4th Cir. 2003).

Rule 23 has two key components. See Gunnells, 348 F.3d at 423. First, a party attempting to certify a class must establish, in accordance with Rule 23(a), "(1) numerosity of parties; (2) commonality of factual and legal issues; (3) typicality of claims and defenses of class representatives; and (4) adequacy of representation." Id. Second, the moving

4

party must demonstrate that the action falls under one of the three categories detailed in Rule 23(b). Id.

Here, the Plaintiff purports that the action falls under the third category of Rule 23(b), which requires the Court to find "that the questions of law or fact common to [the] class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). This is commonly referred to as the "predominance" requirement. See, e.g., In re Hydrogen Peroxide Antitrust Litigation, 552 F.3d 305, 310-27 (3d Cir. 2008); In re Initial Public Offerings Securities Litigation, 471 F.3d 24, 33-37 (2d Cir. 2006); Shook v. El Paso County, 386 F.3d 963, 974 (10th Cir. 2004); Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1189-92 (9th Cir. 2001).

### III. Analysis

The Plaintiff attempts to certify a class action through his motion for leave to file a second amended complaint.[4] The Court will first review the Rule 23(a) requirements to determine whether the Plaintiff adequately demonstrated numerosity, commonality, typicality and adequacy of representation.

### A. Rule 23(a) Requirements

As explained above, to properly certify a class action, the Plaintiff bears the burden of demonstrating satisfaction of the four requirements under Rule 23(a) and one of the

---

[4] Prior to this motion for leave to file a second amended complaint, the Plaintiff's motion for leave to file a revised amended complaint was granted in part by this Court on April 23, 2015. As explained above, the Court granted the Plaintiff leave to amend his complaint only insofar as to raise (1) a RICO claim against the new defendants, (2) a UTPA claim against AMLI and PAS, (3) a fraud claim based on false statements against NBLA, AMLI, AHB, CorpSavers and PAS and (4) indemnification. Following this Order, on May 6, 2015, the Plaintiff filed his first amended complaint.

three requirements under Rule 23(b). The Court will first analyze the Plaintiff's attempt to certify a class under Rule 23(a).

### 1. Numerosity

The Plaintiff fails to assert an approximate number of individuals that compose the class. The Plaintiff avers only that the class is composed of "[a]ll persons in the United States who paid an 'activation fee' for NBLA or NCE memberships . . . between December 12, 2009, and the present," and that the class "consists of thousands of individuals across many [s]tates, if not all of them . . . ." ECF No. 187-2 at 26. Even though the Plaintiff provides no evidence to support his assertion of numerosity, the Court concedes that, if the Plaintiff's assertions are true, the class satisfies the numerosity requirement.

### 2. Commonality

The commonality requirement necessitates that "[t]he common questions [applicable to the class] . . . be dispositive and overshadow other issues." Lienhart, 255 F.3d at 146. Further, as it applies to the present case, "the commonality requirement of Rule 23(a)(2) is subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the class predominate over other questions." Id. at n.4 (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 609 (1997)) (internal quotations omitted). Here, because the Plaintiff attempts to certify a class under Rule 23(b)(3), the Court will postpone its discussion of commonality until it reaches its analysis of Rule 23(b)(3).

### 3. Typicality

The typicality requirement of Rule 23(a) requires the Court to determine whether the claims presented by the class representatives are typical of all class members. Fed.

R. Civ. P. 23(a)(3); Wal-Mart Stores, 131 S. Ct. at 2548. The Fourth Circuit has described the typicality requirement by use of this aphorism: "[A]s goes the claim of the named plaintiff, so go the claims of the class." Broussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 340 (4th Cir. 1998).

Here, although the various class members may assert that the Defendants committed fraud in selling them "junk health insurance,"[5] the element of causation and damages as to each class member will necessarily be different. The discrepancies in the claims of the alleged class members, and why this is problematic under Rule 23(b)(3), is discussed more fully below.

### 4. Adequacy of Representation

The Plaintiff fails to identify any class representatives other than himself. In support of his adequacy of representation, the Plaintiff claims that he will "vigorously prosecute" the claims of the class, has no interests that are "antagonistic to those of the rest of the class," and has "retained experienced, qualified counsel to represent the class [members]." ECF No. 187-2 at 28. Although it is not readily apparent to this Court whether the Plaintiff and his counsel would be able to adequately manage and represent a class action lawsuit, the Court will refrain from further analysis on this point because, as discussed in detail below, the Plaintiff fails the requirement under Rule 23(b)(3).

### B. Rule 23(b)(3) Requirement

Even if the Plaintiff satisfies all four requirements under Rule 23(a), he must also satisfy one of the three requirements under Rule 23(b). Here, the Plaintiff attempts to

---

[5] The Plaintiff refers to the product sold by the Defendants as "junk health insurance" throughout his pleadings. See, e.g., ECF No. 172 at 2.

certify a class under the third prong of Rule 23(b), which requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members" and, further, "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, the Plaintiff fails the predominance and superiority requirements of Rule 23(b)(3).

First, the issues common to the class members do not predominate because, to establish this case's essential claim of fraud, the Court would need to conduct an "individual inquiry into the issue of reliance" as to each individual class member. Gunnells, 348 F.3d at 434. As the Fourth Circuit held in Broussard, "the reliance element of . . . fraud . . . [is] not readily susceptible to class-wide proof" because "proof of reasonable reliance . . . depend[s] upon a fact-intensive inquiry into what information each [plaintiff] actually had." 155 F.3d at 341; see also Gunnells, 348 F.3d at 435. In proving reliance as to each class member, "individual issues . . . would . . . overwhelm[ ] the common ones." Gunnells, 348 F.3d at 436-37.

Second, the oral misrepresentations that the Plaintiff asserts were made by the Defendants fail to establish a solid basis for a class action. See Broussard, 155 F.3d at 341 ("[Their] oral nature . . . makes them a particularly shaky basis for a class claim."). Furthermore, although it is not controlling precedent, "Fifth Circuit case law . . . suggests a *per se* prohibition against class actions based on oral representations." Id.[6]

---

[6] "As the Seventh Circuit has indicated, 'claims based substantially on oral rather than written communications are inappropriate for treatment as class actions unless the communications are shown to be standardized.'" Broussard, 155 F.3d at 341 (quoting Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 597 n.17 (7th Cir. 1993)). Further, "even to the extent that plaintiffs [may] introduce . . . written and standardized communications . . . there is no evidence that all [class members] received, read, and relied on the same literature." Id.

Third, each class member's claim for monetary damages would almost certainly be different. Although courts have been warned not to deny class certification based solely on the likelihood of numerous individualized damage evaluations, the likelihood of these numerous calculations goes to the class action's potential unmanageability. See Windham v. Am. Brands, Inc., 565 F.2d 59, 66 (4th Cir. 1977); Abbott v. Am. Elec. Power, Inc., No. 2:12-cv-00243, 2012 WL 3260406, at *5 (S.D. W. Va. Aug. 8, 2012). Here, each plaintiff would have incurred different losses as a result of the Defendants' failure to pay claims for purportedly covered health expenses under the insurance. The probability that thousands of persons—possibly individuals throughout all fifty states—would have separate damage calculations hardly fulfills the class action purpose of judicial efficiency. See Gunnells, 348 F.3d at 424 (quoting In re A.H. Robins, 880 F.2d 709, 740 (4th Cir. 1989)).

In his attempt to certify a class, the Plaintiff avers that there are many questions of law and fact common to all class members. However, in doing so, the Plaintiff points out commonalities amongst the actions of the *Defendants*—not commonalities amongst the purported class members.[7] In the present case, because of the need for individual inquiry as to the element of reliance, the oral nature of the representations and the inevitable individualized damage calculations, class certification is not favorable.

---

[7] The Plaintiff asserts that his claims "are typical of the claims of the class members because . . . they are based on provisions of form contracts, general practices, common schemes and uniform charges that affected the class members in the same way. In other words, [the Plaintiff's] claims and the claims of all class members arise from and were caused by the same wrongful course of conduct by the RICO Defendants." ECF No. 187-2 at 27 (emphasis in original).

## V. Conclusion

Accordingly, because the Plaintiff fails to meet the requirement of Federal Rule of Civil Procedure 23(b)(3), the Court **DENIES** class action certification. Furthermore, because the essence of the Plaintiff's Motion for Leave to File a Second Amended Complaint [ECF No. 187] is an attempt to certify a class action, the Court **DENIES** the Motion.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and all *pro se* parties.

**DATED:** September 24, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE