# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**DAVID KNISELY,**

    Plaintiff,

v.                                                                     **CIVIL ACTION NO.: 3:14-CV-15 (GROH)**

**ALLIED HEALTH BENEFITS, INC.,**
**CORPSAVERS HEALTHCARE, INC.,**
**PREMIERE ADMINISTRATIVE SOLUTIONS, INC.,**
**G. DANIEL SIEWERT, III, TIMOTHY SIEWERT,**
**ANGUS MORRISON, GEORGE SPALDING,**
**and JESS JORDAN,**

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT PREMIERE ADMINISTRATIVE SOLUTIONS, INC.'S MOTION TO DISMISS

Currently pending before the Court is Defendant Premiere[1] Administrative Solutions, Inc.'s ("PAS") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 209], filed on August 28, 2015. The motion is ripe for review. For the following reasons, the Court **GRANTS** the motion.

## I. Background

This case was removed to this Court on January 29, 2014. The initial complaint was filed on December 12, 2013, against National Better Living Association, Inc. ("NBLA"), American Medical and Life Insurance Company ("AMLI") and John/Jane Does. ECF No. 1. On September 8, 2014, the Plaintiff filed a motion for leave to file an amended

---

[1] It has been noted by Defendant Premiere Administrative Solutions, Inc., that the name of its corporation is in fact "*Premier* Administrative Solutions, Inc." Nevertheless, the Court will refer to this Defendant as depicted on the docket.

complaint. ECF No. 80. In that motion, the Plaintiff sought to, among other things, join PAS as a defendant. Before the Court's ruling on his motion for leave to file an amended complaint, on February 6, 2015, the Plaintiff filed a motion for leave to file a revised amended complaint.[2] ECF No. 147. On April 23, 2015, the Court denied as moot the Plaintiff's motion for leave to file an amended complaint and granted in part the Plaintiff's motion for leave to file a revised amended complaint. ECF No. 170. Pursuant to the Court's Order, on May 6, 2015, the Plaintiff filed his amended complaint. ECF No. 172.

In his amended complaint, the Plaintiff alleges that PAS (1) violated the West Virginia Unfair Trade Practices Act ("UTPA"), (2) committed fraud and (3) is required to indemnify the Plaintiff for unauthorized account withdrawals. PAS was served with the Plaintiff's amended complaint on July 24, 2015. ECF No. 193. On August 28, 2015, PAS filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 209. The Plaintiff filed his response in opposition [ECF No. 235] on September 15, 2015, and PAS filed its reply [ECF No. 256] on September 22, 2015.

In his response in opposition to PAS's motion to dismiss, the Plaintiff withdraws his claims against PAS pursuant to Count V (fraud) and VI (indemnification). Therefore, the only claim left against PAS is Count II, alleged violations of the West Virginia UTPA.

In support of its motion to dismiss, PAS presents three[3] arguments as to why the Plaintiff's claim under the West Virginia UTPA fails. First, PAS avers that the claim is time-barred under the applicable one year statute of limitations. Second, PAS claims that

---

[2] This motion also sought to join PAS as a defendant.

[3] The Court declines to acknowledge PAS's fourth argument in its motion to dismiss, which alleges that the Plaintiff has not sufficiently pled a claim for punitive relief, because the Court ultimately finds that the Plaintiff's claim under the West Virginia UTPA is insufficient to withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

2

the Plaintiff has not alleged sufficient facts, and instead relies on legal conclusions, to support injury under the UTPA.  Finally, PAS claims that the Plaintiff has not pled a sufficient general business practice as required under the UTPA.  In response, the Plaintiff avers that the statute of limitations does not bar his claim because the identity of PAS was not discovered until April 23, 2014.  The Plaintiff further avers that his amended complaint sets forth sufficient facts demonstrating injury and sufficient facts demonstrating PAS's general business practice under the West Virginia UTPA.

## II. Legal Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, resolve all doubts and inferences in favor of the plaintiff and view the allegations in a light most favorable to the plaintiff.  See Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

However, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders

3

naked assertion[s] devoid of further factual enhancements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration in original) (internal quotation and citation omitted). A party is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557). "[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

When rendering its decision, the court may consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint and documents attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

### III. Analysis

#### A. Statute of Limitations

A one year statute of limitations applies to claims brought pursuant to the West Virginia UTPA. Wilt v. State Auto. Mut. Ins. Co., 506 S.E.2d 608, 609 (W. Va. 1998); see also Shaffer v. Northwestern Mut. Life Ins. Co., 394 F. Supp. 2d 814, 819 (N.D. W. Va. 2005). PAS argues that the Plaintiff's claim against it is barred by the applicable one year statute of limitations. PAS avers that the statute of limitations as to the Plaintiff's West

Virginia UTPA claim began to run in May of 2013 and expired in May of 2014. Contrarily, the Plaintiff contends that the statute of limitations as to this claim began to run on April 23, 2014, when "AMLI first disclosed to [him] that PAS was its third-party administrator and responsible for the adjustment of his claim." ECF No. 235 at 4. It is not readily apparent to this Court on what date the statute of limitations began to run in regard to the Plaintiff's West Virginia UTPA claim against PAS and, because dismissal is warranted on another ground, the Court declines to further address this issue.

### B. Sufficiency of the Amended Complaint

The Plaintiff begins his amended complaint by giving an overview of the nature of the case. Nowhere in this overview does the Plaintiff mention PAS. ECF No. 172 at 2-5. It is not until paragraph thirty-three that the Plaintiff mentions PAS, where he identifies the corporation as AMLI's third-party administrator. ECF No. 172 at 8. PAS is not mentioned again until paragraph seventy-one, where the Plaintiff alleges that "[w]hen [he] reported his claim to the AMLI/PAS representative, he was advised that his claim would be denied as untimely, although this is an improper basis for denial under West Virginia Ins. Reg. § 114-14-4.4." ECF No. 172 at 15. The Plaintiff then mentions PAS in paragraph eighty-five, where he alleges that "[o]n May 23, 2013, [his] counsel contacted an AMLI/PAS representative to discuss the claim and was advised that a HIPPA authorization had to be submitted first." ECF No. 172 at 17. The Plaintiff raises no other factual allegations specifically against PAS.

In Count II of his amended complaint, the Plaintiff alleges the following:

> 146. AMLI and PAS violated W. Va. Code § 33-11-4(9)(a) by misrepresenting pertinent facts and insurance policy provisions relating to Plaintiff's insurance coverage.

5

> 147. AMLI and PAS violated W. Va. Code § 33-11-4(9)(b) by failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.
>
> 148. AMLI and PAS violated W. Va. Code § 33-11-4(9)(b)[4] by failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.
>
> 149. AMLI and PAS violated W. Va. Code § 33-11-4(9)(d) by refusing to pay claims without conducting a reasonable investigation based upon all available information.

ECF No. 172 at 26-27. These paragraphs are verbatim recitations of the relevant code sections.[5] Furthermore, the Plaintiff fails to support these blanket assertions with any facts pertinent to PAS. The Plaintiff continues his deficient pleading practice in paragraph 150, where he baldly asserts that the "Defendants violated provisions of W. Va. § 114-14-1 *et seq.* to include [§§ 114-14-3, -4.1, -4.2, -4.3, -4.4, -5.1, -5.4, -6.1, -6.3, -6.5 and -6.6]." ECF No. 172 at 27-28. Again, the Plaintiff merely provides verbatim recitations of the relevant code sections and fails to support these asserted violations with any facts pertinent to PAS. The Plaintiff goes on in paragraph 151 to claim that "[t]he

---

[4] The Court concludes, based upon the statutory language found in West Virginia Code § 33-11-4(9)(c), that the Plaintiff intended this claim to allege a violation of § 33-11-4(9)(c)—not § 33-11-4(9)(b).

[5] West Virginia Code §§ 33-11-4(9)(a) through (d) state as follows:

> (9) *Unfair claim settlement practices.* -- No person shall commit or perform with such frequency as to indicate a general business practice any of the following:
> (a) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
> (b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
> (c) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
> (d) Refusing to pay claims without conducting a reasonable investigation based upon all available information . . . .

6

Defendants violated the above referenced [*sic*] provisions of W. Va. Code § 33-11-4(9), and the insurance regulations promulgated thereunder, as a general business practice in this and other claims." ECF No. 172 at 28. Yet again, the Plaintiff does not provide any factual support for his assertion.[6]

This mechanistic practice of copying and pasting statutory language into a complaint falls woefully short of the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. See Iqbal, 556 U.S. at 678-79. The Plaintiff's allegations against PAS are nothing more than copied and pasted sections from the West Virginia Code, and are therefore nothing more than legal conclusions.[7] Rather than plead *what* law a defendant allegedly violated, a plaintiff must articulate—albeit, by the use of a short and plain statement—*how* a defendant allegedly violated the law. In his amended complaint, the Plaintiff "tenders naked assertion[s]" against PAS, which are "devoid of further factual enhancements." Id. at 678 (alteration in original) (internal quotation omitted). In doing so, the Plaintiff fails to allege "enough facts [against PAS] to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

### IV. Conclusion

Accordingly, the Court **ORDERS** that Defendant Premiere Administrative Solutions, Inc's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 209] is hereby **GRANTED**.

---

[6] The Court also notes that out of the 300 pages in exhibits that the Plaintiff provides in support of his amended complaint, PAS is not once mentioned.

[7] For example, the Plaintiff alleges that PAS "violated W. Va. Code § 33-11-4(9)(a) by misrepresenting pertinent facts and insurance policy provisions relating to Plaintiff's insurance coverage," but fails to allege what misrepresentations PAS actually made. ECF No. 172 at 26.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED:** January 6, 2016

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE