**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**DAVID KNISELY,**

    Plaintiff,

v.                                                           **CIVIL ACTION NO.: 3:14-CV-15
(GROH)**

**ALLIED HEALTH BENEFITS, INC.,
CORPSAVERS HEALTHCARE, INC.,
PREMIERE ADMINISTRATIVE SOLUTIONS, INC.,
G. DANIEL SIEWERT, III, TIMOTHY SIEWERT,
ANGUS MORRISON, GEORGE SPALDING, and
JESS JORDAN,**

    Defendants.

**ORDER DENYING IN PART
DEFENDANT G. DANIEL SIEWERT'S MOTION TO DISMISS**

Currently pending before the Court is Defendant G. Daniel Siewert's[1] Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2), (6) and (7) [ECF No. 219], filed on September 8, 2015. For the reasons set forth below, the Court **DENIES IN PART** Defendant G. Daniel Siewert's Motion to Dismiss.

**I. Background**

The above-styled matter was originally filed in the Circuit Court of Jefferson County, West Virginia, and removed to this Court based on diversity and federal question jurisdiction on January 29, 2014. The Plaintiff's first amended complaint[2] alleges

---

[1] G. Daniel Siewert is one of eight remaining defendants in this cause of action.

[2] On April 23, 2015, the Court entered an order granting in part the Plaintiff's motion for leave to file a revised amended complaint. ECF No. 170. Pursuant to the Court's order, the Plaintiff filed his first amended complaint. ECF No. 172. Later, on July 22, 2015, the Plaintiff filed a motion for leave to file a second amended complaint [ECF No. 187], which was denied by the Court on September 24, 2015. ECF No. 259.

violations of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), violations of the West Virginia Unfair Trade Practices Act, fraud and indemnification.

On September 14, 2015, the Court entered a paperless order directing all parties to file briefs on the issue of whether valid personal jurisdiction existed as to each defendant.[3] The Court advised the parties that it would address the issue of personal jurisdiction at its October 26, 2015 scheduling conference. During the October 26, 2015 scheduling conference, the parties orally briefed the Court on their positions regarding personal jurisdiction.[4] At the conference, Counsel for Defendant Angus Morrison,[5] Counsel for Defendant Jess Jordan, *pro se* Defendant Timothy Siewert, *pro se* Defendant George Spalding and *pro se* Defendant G. Daniel Siewert contested personal jurisdiction. Defendant Premiere Administrative Solutions, Inc. ("PAS"), did not contest personal jurisdiction. The Plaintiff asserted that personal jurisdiction was valid as to all Defendants pursuant to RICO's authorization of nationwide service of process.

In his motion to dismiss [ECF No. 219] and brief on personal jurisdiction [ECF No. 262], Defendant G. Daniel Siewert avers that this Court cannot exercise personal

---

[3] The Court directed the parties to brief it on the issue of personal jurisdiction in light of the case's confusing nature. The Court's initial order directing all parties to file briefs on the issue of personal jurisdiction was entered on September 14, 2015. ECF No. 232. In this order, the Court directed all parties to file their briefs before September 21, 2015. However, the Court entered a subsequent order on September 15, 2015, amending its previous order and directing all parties to file their briefs on personal jurisdiction before September 29, 2015. ECF No. 238.

[4] The following parties and counselors were present during the Court's October 26, 2015 scheduling conference: Counsel for the Plaintiff; Daniel Tomassetti, Counsel for Defendant Premiere Administrative Solutions, Inc. ("PAS"); Tracey Rohrbaugh, Counsel for Defendant Angus Morrison; Christopher Janelle, Counsel for Defendant Jess Jordan; *pro se* Defendant Timothy Siewert; *pro se* Defendant George Spalding and *pro se* Defendant G. Daniel Siewert. Defendants Allied Health Benefits, Inc. ("AHB"), and CorpSavers Healthcare, Inc. ("CorpSavers"), were not present. The Court notes that AHB and CorpSavers do not have counsel and neither company has made an official appearance in this case, even though both accepted service of summons in July of 2015.

[5] Tracey Rohrbaugh appeared on behalf of Defendant Angus Morrison.

jurisdiction over him because he lacks minimum contacts with the State of West Virginia. Specifically, the Defendant asserts that this Court lacks specific and general jurisdiction over him, and claims that the exercise of personal jurisdiction over him would be improper under the Due Process Clause. The Defendant further asserts that because National Better Living Association, Inc. ("NBLA"), was alleged in the complaint as the RICO enterprise[6] and has since been dismissed as a defendant in this case, he should also be dismissed as a defendant. Essentially, the Defendant claims that without NBLA as a named party, the Plaintiff's RICO claims fail.

## II. Legal Standard

To exercise personal jurisdiction over a non-resident defendant, "(1) a statute must authorize service of process on the non-resident defendant, and (2) the service of process must comport with the Due Process Clause." In re Celotex Corp., 124 F.3d 619, 627 (4th Cir. 1997). Because West Virginia's long-arm statute "is coextensive with the full reach of due process," the Court need not conduct "the normal two-step formula." Id. at 627-28 (citations omitted). Instead, "the statutory inquiry necessarily merges with the Constitutional inquiry." Id. at 628. Thus, the Court considers only whether personal jurisdiction "is consistent with the Due Process Clause." Id.

RICO[7] authorizes nationwide service of process. See ESAB Group v. Centricut, Inc., 126 F.3d 617 (4th Cir. 1997); HSBC Bank U.S.A., Nat'l Assoc. v. Resh, Civil Action No. 3:12-cv-00668, 2015 WL 4772524 (S.D. W. Va. Aug. 12, 2015); Weese v. Savicorp, Inc., Civil Action No. 2:13-cv-41, 2013 WL 6007499 (N.D. W. Va. Nov. 13, 2013).

---

[6] The Plaintiff asserts that NBLA was used as the RICO enterprise through which the Defendants committed acts of racketeering.

[7] 18 U.S.C. §§ 1961-68.

Therefore, "service of process [in RICO cases] is sufficient to establish the jurisdiction of the federal court over the person of the defendant" as long as such jurisdiction comports with due process. ESAB, 126 F.3d at 626 (quoting Hogue v. Milodon Eng'g, Inc., 736 F.2d 989, 991 (4th Cir. 1984)). "Where Fifth Amendment due process principles govern the jurisdictional inquiry and a federal statute authorizes nationwide service of process, courts in this Circuit apply a less restrictive 'national contacts' test rather than conducting a traditional 'minimum contacts' analysis." Weese, 2013 WL 6007499, at *3 (citing Hogue, 736 F.2d at 991). Under a "national contacts" analysis, "the relevant inquiry is . . . whether the defendant has sufficient contacts with the United States as a whole." Id. "It is only in highly unusual cases that inconvenience will rise to a level of constitutional concern," and "the burden is on the defendant to show that the burden of distant litigation is so great as to put him at a severe disadvantage." ESAB, 126 F.3d at 627 (internal quotations omitted) (quoting Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 947 (11th Cir. 1997)).

### III. Discussion

Defendant G. Daniel Siewert argues that this Court cannot exercise personal jurisdiction over him because he lacks minimum contacts with the State of West Virginia. However, his minimum contacts argument is misplaced. Under RICO, a national contacts test is used, which analyzes whether a defendant has sufficient contacts with the United States as a whole. Clearly the Defendant has such contact. Furthermore, the burden is on the defendant to show that the exercise of personal jurisdiction over him would put him

4

at a severe disadvantage, and that the disadvantage would rise to a level of constitutional concern. The Defendant has failed to demonstrate such a grave disadvantage.[8]

Defendant G. Daniel Siewert also argues that the Plaintiff's RICO claims against him are improper because the Plaintiff's complaint names NBLA as the RICO enterprise and the company has since been dismissed as a defendant. However, in cases such as this, in which the Plaintiff alleges violations of RICO pursuant to 18 U.S.C. § 1962(c), the alleged enterprise cannot also be a defendant against whom the RICO claims are directed. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1411 (3d Cir. 1991) ("[W]hile an entity can be both an enterprise and a defendant for purposes of § 1962(a), such a dual role is impermissible in actions based on § 1962(c)."); Busby v. Crown Supply, Inc., 896 F.3d 833, 840 (4th Cir. 1990) ("To the extent that Computer Sciences held that the alleged 'person' who violates § 1962(c) must be different from the 'enterprise,' we recognize that this holding has been widely followed throughout the circuits, and we have no occasion now to question its correctness."). Therefore, the Plaintiff's RICO claims against the remaining Defendants necessarily survive without the presence of NBLA.

## IV. Conclusion

Accordingly, Defendant G. Daniel Siewert's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2), (6) and (7) [ECF No. 219], is **DENIED IN PART**. This Court has personal jurisdiction over Defendant G. Daniel Siewert pursuant to nationwide service of process under RICO.

---

[8] Similar to this case, the United States District Court for the Northern District of West Virginia, Elkins Division, explained in Weese that "[w]hile litigating in West Virginia will undoubtedly pose some inconvenience to defendants, given their location in California, the burdens defendants identify—in the main, distance and cost—are not so unusual or extreme as to implicate constitutional concerns." 2013 WL 6007499, at *4.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED:** January 7, 2016

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE